UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,                         Case No. 24-cr-284 (JWB/LIB)

        Plaintiff,

v.                                                                                **ORDER**

Joshua Paul Armbrust,

        Defendant.

_____

      Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Defendant Joshua Paul Armbrust's Motion for a Bill of Particulars. [Docket No. 14]. Pursuant to a request from the parties, the Court took Defendant's Motion under advisement on the parties' written submissions. (Order [Docket No. 20]).

      Defendant moves the Court for an Order requiring the Government to file a bill of particulars. (Def.'s Mot. for a Bill of Particulars [Docket No. 14]). Defendant seeks a bill of particulars regarding two portions of the Indictment. First, Defendant takes issue with the allegation that he remotely accessed the company's Amazon Web Services account "without authorization" to mine cryptocurrency. (See Def.'s Mem. [Docket No. 14] at 1). Defendant argues that the Government should be required to file a bill of particulars articulating "why [he] lacked authorization to access the victim company's servers." (Id.; see Def.'s Mem. [Docket No. 15] at 2–3). Defendant also takes issue with the language in the Indictment alleging that he "recklessly caused damage" arguing that the Government should be required to state with particularity the specific damages caused. (Def.'s Mot. [Docket No. 14]; Def.'s Mem. [Docket

No. 15] at 4]). Defendant argues that these at-issue phrases are too vague, and thus, a bill of partiality is warranted to remedy the perceived ambiguity.

In its response, the Government asserts that the Indictment, [Docket No. 1], together with the discovery the Government has already produced, is sufficient to enable Defendant to sufficiently understand the charge in the Indictment and adequately prepare a defense against the charge. (Govt.'s Mem. [Docket No. 18] at 2).

Pursuant to Federal Rule of Criminal Procedure 7(f), "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). In deciding whether to order the Government to file a bill of particulars, the Court has broad discretion. See United States v. Stephenson, 924 F.2d 753, 762 (8th Cir. 1991); United States v. Beasley, 688 F.3d 523, 533 (8th Cir. 2012). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011) (quoting United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009)).

As the Eighth Circuit Court of Appeals has explained,

> [a]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to the subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant [is charged].

United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993) (citation omitted); see United States v. Bear, No. 4:13-cr-143, 2014 WL 12684420, at *1 (D.N.D. Sept. 23, 2014) (citing Wessels, 12 F.3d at 750). "An indictment which 'tracks the statutory language' is ordinarily sufficient."

2

United States v. Prelogar, 996 F.3d 526, 531 (8th Cir. 2021) (quoting United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008).

"Although the Court may compel the Government to furnish information where it is necessary for the protection of the rights of the accused, a bill of particulars may not be used as a discovery tool nor may it be used to obtain a detailed disclosure of the Government's evidence and theories." United States v. Fineday, No. 23-cr-224 (PJS/LIB), 2023 WL 9552042, at *8 (D. Minn. Dec. 19, 2023) (citations omitted), report and recommendation adopted, 2024 WL 209081 (D. Minn. Jan. 19, 2024); see Bear, 2014 WL 12684420, at *1; Wessels, 12 F.3d at 750; Unites States v. Shepard, 462 F.3d 847, 860 (8th Cir. 2006). "The court must strike a 'prudent balance' between the legitimate interest of the government and the defendant." United States v. Riggins, No. 7-40055-4, 2008 WL 558087, at *2 (D.S.D. Feb. 29, 2008). "A bill of particulars is not something to which the defendant is entitled as a matter of right, and the government need not furnish all of the facts which the defendant wants, or which [he] may think desirable." Fineday, 2023 WL 9552042, at *8 (quoting United States v. Lupino, 171 F. Supp. 648, 650 (D. Minn. 1958)). Rather, "[i]t is only necessary that the defendant be apprised of the essential facts constituting the crime alleged." Id.

In the present case, Count 1 of the Indictment, in relevant part, alleges as follows:

4. From on or about December 2, 2020, through on or about May 25, 2021, in the State and District of Minnesota, the defendant, JOSHUA PAUL ARMBRUST, did intentionally access a protected computer without authorization, and as a result of such conduct, recklessly caused damage, and the offense caused loss to one or more persons during a 1-year period aggregating at least $5,000 in value, all in violation of Title 18, United States Code, Sections 1030(a)(5)(B), (c)(4)(A)(i)(I).

5. [Defendant] was an employee at Digital River who resigned from his position in February 2020.

3

      6. Between December 2, 2020, and May 25, 2021, [Defendant] engaged in a cryptojacking[1] scheme that resulted in significant losses from Digital River.

      7. After leaving his position at Digital River, [Defendant] remotely accessed the company's Amazon Web Services (AWS)[2] account on multiple occasions without authorization and utilized AWS computers to mine Ethereum (ETH) cryptocurrency. This unauthorized access resulted in substantial costs for Digital River, totaling over $45,000.

      8. The mined Ethereum (ETH) was directed into a digital wallet and subsequently transferred to two Coinbase[3] accounts registered solely in [Defendant's] name. [Defendant] then liquidated the mined ETH, totaling over $7,000, and transferred the proceeds to his Wells Fargo banking account.

(Indictment [Docket No. 1] at 2–3).

      In relevant part, Title 18 U.S.C. §1030(a)(5)(B) provides that "[w]hoever . . . intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss . . . shall be punished as provided in subsection (c) of this section." In turn, §1030(c)(4)(A)(i)(I) provides that "[t]he punishment for . . . an offense under subsection (a)(5)(B), which does not occur after a conviction for another offense under this section," is "a fine under this title, imprisonment for not more than 5 years, or both," "if the offense caused . . . loss to 1 or more persons during any 1-year period (and for the purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value . . . ." 18 U.S.C. §1030(c)(4)(A)(i)(I).

      The Indictment in the present case is "legally sufficient" because it contains all the essential elements to the offense charged while also fairly informing Defendant of the charge

---

[1] "Cryptojacking is a form of cybercrime where an unauthorized party uses someone else's computing resources to mine cryptocurrency. The goal of cryptojacking is to generate cryptocurrency, such as Bitcoin or Ethereum, by leveraging the victim's hardware, which can lead to reduced system performance, increased energy consumption, and higher operating costs." (Indictment [Docket No. 1] at 1–2).
[2] "AWS is a cloud computing platform offered by Amazon." (Indictment [Docket No. 1] at 1).
[3] "Coinbase is a cryptocurrency exchange that allows users to buy, sell, and store various cryptocurrencies." (Indictment [Docket No. 1] at 1).

raised against him and the time frame in which the conduct is alleged to have occurred. Moreover, the legal sufficiency of the Indictment is further bolstered by the fact that the language of Indictment closely tracks the language of the charged statute. Cf. Indictment [Docket No. 1] at 2–3 with Title 18 U.S.C. § 1030(a)(5)(B) and §1030(c)(4)(A)(i)(I).

Although the allegations in the Indictment may not be as detailed or specific as Defendant may prefer, that is not the standard by which this Court measures the sufficiency of an indictment. See, e.g., Fineday, 2023 WL 9552042, at *8 (quoting United States v. Finn, 919 F. Supp. 1305, 1326 (D. Minn. 1995), aff'd, 911 F. Supp. 372 (D. Minn. 1995)). As discussed above, a bill of particulars is not designed to provide a defendant with pretrial discovery; rather, a bill of particulars is a tool designed to prevent surprise at trial. See Fineday, 2023 WL 9552042, at *8 (citing United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993)). "In other words, the defendant is entitled to 'know the offense with which he is charged, not to know the details of how it will be proved.'" United States v. Harvey, No. 3:07-cr-103 (RRB/DMS), 2007 WL 9697885, at *2 (D. Alaska Dec. 6, 2007) (quoting United States v. W.R. Grace, 401 F. Supp. 2d 1103, 1107 (D. Mont. 2005) (citing United States v. Kendall, 665 F.2d 126, 135 (9th Cir. 1982))); see United States v. Solomon, No. 23-cr-156 (SRN/TNL), 2024 WL 398552, at *15 (D. Minn. Feb. 2, 2024).

Defendant does not argue that the Indictment fails to contain all the essential elements of the offense charged. Instead, Defendant merely argues that there should be more factual specificity.

In arguing the need for additional factual specificity, Defendant highlights two portions of the Indictment. Defendant first takes issue with the Government's purported failure to specifically allege "with as much particularity as possible why [Defendant] lacked authorization"

5

to access the at-issue servers. (Def.'s Mem. [Docket No. 15] at 1).[4] Defendant also takes issue with the Government's purported failure "to state with as much particularity as possible what damage [Defendant] caused, and to which protected computers or systems the damage was done." (Id. at 1–2).[5] The Court finds these arguments to be unpersuasive.

The level of detail and information Defendant requests here is more akin to evidentiary detail or a description of how the Government intends to prove its theory of the case. As discussed above, however, this is not the function of a bill of particulars. See, e.g., Fineday, 2023 WL 9552042, at *9 (colleting cases). Courts routinely deny requests for bills of particulars seeking the whens, wheres, and hows of alleged conduct. See, e.g., Solomon, 2024 WL 398552, at *15.

Further, in the absence of any showing by Defendant that the Government has been less than forthcoming with producing required discovery information, the failure of which could potentially serve to surprise Defendant at trial, the Court does not believe it necessary to compel a bill of particulars here. See United States v. Huggans, 650 F.3d 1220 (8th Cir. 2011) (concluding that no bill of particulars was required where "[i]n its responses to [the defendant's] pre-trial motions, the government explained its theory of the case and noted that it had already provided [the defendant] with considerable discovery" because "[t]he government's disclosures were more than sufficient to enable [the defendant] to understand the nature of the charges,

---

[4] In making this argument, Defendant relies on several cases from outside the Eighth Circuit, (see Def.'s Mem. [Docket No. 15] at 3); however, in addition to the noncontrolling nature of this cases, each of the cases is simply inapplicable to the present Motion for a Bill of Particulars. None of the cited cases discuss a request for a bill of particulars or the sufficiency of an indictment. Instead, each of the cases discusses the level of evidence which must be ultimately proven at trial to demonstrate that an individual gained access "without authorization." (See Id.) (relying upon United States v. Phillips, 477 F.3d 215, 219 (5th Cir. 2007); United States v. Morris, 928 F.2d 504, 510 (2d Cir. 1991); Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1067 (9th Cir. 2016); hiQ Labs, Inc. v. LinkedIn Corp., 31 F.4th 1180, 1199 (9th Cir. 2022)).

[5] In making this argument, Defendant again relies on several cases from outside the Eighth Circuit, (see Def.'s Mem. [Docket No. 15] at 4); however, here again, each of the cases is simply inapplicable to the present Motion for a Bill of Particulars. None of the cited cases discuss a request for a bill of particulars or the sufficiency of an indictment. (See Id.) (relying upon United States v. Nosal, 676 F.3d 854, 858 (9th Cir. 2012); SkyHop Techs., Inc. v. Narra, 58 F.4th 1211, 1225 (11th Cir. 2023)).

prepare a defense, and avoid unfair surprise"); United States v. Ladoucer, No. 7-cr-165(1) (ADM/JSM), 2007 WL 3051434, at *7 (D. Minn. Oct. 17, 2007) (finding that the indictment and the discovery materials "enable[d] Defendant to prepare a defense and avoid unfair surprise at trial"); United States v. Jaunich, No. 7-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (same); Fineday, 2023 WL 9552042, at *9 (same). Other Courts, relying on the fact that the language of the at-issue indictment tracked the language of the statute and that the Government was forthcoming with the required discovery, have rejected requests for a bill of particulars targeted at indictments charging crimes under the same statute as in the present case using language similar-in-specificity to the language in the present Indictment, and many of those Courts, have rejected the same arguments Defendant raises in the present case. See, e.g., United States v. Yücel, 97 F. Supp. 3d 413, 423 (S.D.N.Y. 2015); United States v. Singla, 692 F. Supp. 3d 1341, 1358–62 (N.D. Ga. 2023).

In short, the Indictment in the present case is sufficient because it contains all the essential elements to the offense charged while also fairly informing Defendant of the charge raised against him and because the language of Indictment closely tracks the language of the charged statute. No bill of particulars is required in the present case.

Therefore, based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendant's Motion for Bill of Particulars, [Docket No. 14], is **DENIED**.


Dated: February 28, 2025                                s/Leo I. Brisbois
                                                       Hon. Leo I. Brisbois
                                                       U.S. Magistrate Judge