UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-284 (JWB/LIB)

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **SENTENCING POSITION** |
|  | ) |  |
| JOSH ARMBRUST, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

The United States of America, by and through Acting United States Attorney Joseph H. Thompson, and Assistant United States Attorney Bradley M. Endicott, respectfully submits this sentencing memorandum in support of the parties' joint recommendation for a sentence of three years of probation.

**I. Procedural History**

On April 1, 2025, the defendant pled guilty to Count 1 of the Indictment, charging him with Computer Fraud in violation of 18 U.S.C. §§ 1030(a)(5)(B), (c)(4)(A)(i)(I). The plea was entered pursuant to a written agreement.

**II. Offense Conduct**

The defendant engaged in a deliberate and sustained campaign to exploit his former employer's cloud computing infrastructure for personal profit. Over the course of nearly six months, the defendant repeatedly accessed Digital River's Amazon Web Services (AWS) environment without authorization and

installed cryptocurrency mining software. PSR ¶ 6. Here, the defendant illegally accessed the AWS servers to mine Etherium (ETH) cryptocurrency. He did so during overnight hours to avoid detection, running up more than $45,000 in AWS charges that Digital River was forced to absorb. *Id.* At no time did the defendant seek permission or attempt to mitigate the damage he was causing.

This was not a momentary lapse in judgment. It was a calculated and covert misuse of enterprise-level computing resources for private enrichment. The scheme only came to light after Digital River initiated an internal investigation and discovered the unauthorized activity. *Id.* The company then traced one of the access points to an IP address associated with the defendant.

Further investigation by law enforcement revealed that ETH cryptocurrency was transferred through a digital wallet to two Coinbase accounts owned by the defendant, and then liquidated for cash deposited into his Wells Fargo bank account. PSR ¶ 8. The defendant ultimately profited $5,895 from the scheme. *Id.* In a contemporaneous email, he acknowledged the operation, referring to it as his "side-hustle mining Ethereum." *Id.*

### III. Guidelines Calculation

The Probation Office calculated a total offense level of 8. With a Criminal History Category I, the defendant's advisory Guidelines range is 0 to 6 months.

## IV. The Sentencing Factors

The defendant's conduct strikes at the core of digital trust and security in the modern economy. Companies rely on former employees to act ethically, even after separation, and to respect corporate systems and data. Unauthorized access to corporate cloud infrastructure not only creates financial harm, as in this case, but also exposes sensitive systems to potential compromise and opens the door to more severe cyber threats.

This case is particularly serious because the defendant knowingly leveraged sophisticated resources he was no longer entitled to use and over an extended period of time. This is not a victimless crime. It resulted in real monetary losses, investigative costs, and operational disruption to a private company which went out of business in January 2025.

The defendant is clearly a capable and technically skilled individual. But instead of using those talents for constructive and lawful purposes, he chose to exploit his former employer for personal gain. It is disappointing that someone with this ability used his skills to steal.

To promote respect for the law, this sentence and conviction should send a clear message: unauthorized access and misuse of cloud computing environments, no matter how large or small, will be treated as serious federal crimes.

## V. Sentencing Recommendation

The government acknowledges that the defendant accepted responsibility, has no prior criminal history, and qualifies as a zero-point offender under USSG §4C1.1. For these reasons, the jointly recommended sentence of three years of probation is appropriate. However, the government urges the Court to articulate the gravity of the offense at sentencing to deter the defendant and similarly situated individuals from abusing digital access for personal gain.

Given that the Guidelines are 0-6 months and that the defendant has agreed to pay restitution to Digital River, the recommended term of probation is a sufficient sentence. With appropriate conditions, including financial restitution and any other terms the Court deems appropriate, probation can serve both rehabilitative and deterrent ends.

## VI. Conclusion

The government respectfully recommends that the Court impose a sentence of three years of probation, along with any conditions the Court finds necessary.

Dated:	July 17, 2025

Respectfully Submitted,

JOSEPH H. THOMPSON
Acting United States Attorney

*s/ Bradley M. Endicott*
BY:  BRADLEY M. ENDICOTT
Assistant U.S. Attorney